IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK SWAGERTY, JR.,

      Plaintiff,                                   No. 2:12-cv-0102 KJN P

    vs.

DR. SAMBRAJYA PALAGUMMI,
et al.,                                          ORDER
      Defendants.
_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff consented to proceed before the undersigned for all purposes. <u>See</u> 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

1

trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

On January 26, 2012, plaintiff filed an amended complaint. However, on February 14, 2012, plaintiff filed a document entitled, "Motion to amend the cause of action and exhibits and add defendant John Doe to the complaint." (Dkt. No. 9.) Rather than provide a proposed second amended complaint, however, plaintiff filed separate causes of action against defendants Washington, Palagummi, and Street. (Dkt. No. 9 at 2-6.) Plaintiff did not provide a separate cause of action as to "John Doe," and it is unclear in the causes of action provided which allegations are pertinent to a "John Doe," if any. Moreover, doe defendants are not favored in the Ninth Circuit. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citing Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968)). If plaintiff names a doe defendant in his second amended complaint, he should specifically identify the individual by job title or action such that plaintiff can promptly move to substitute the individual once his or her identity is discovered. Plaintiff should also use the court's complaint form.

Plaintiff alleges, inter alia, that he fell and was injured as a result of a defective drain plate, and was injured as a result of the cancellation of orders for a cane, crutches, and light duty. In plaintiff's January 26, 2012 amended complaint, plaintiff claims he brought this civil rights action for medical malpractice, personal injuries, product liability, negligence, and a manufacturing defect. (Dkt. No. 8 at 5.) As explained below, none of these causes of action are properly brought as a federal civil rights claim.

3

1  The Civil Rights Act provides as follows:

2  Every person who, under color of [state law] . . . subjects, or causes
   to be subjected, any citizen of the United States . . . to the
3  deprivation of any rights, privileges, or immunities secured by the
   Constitution . . . shall be liable to the party injured in an action at
4  law, suit in equity, or other proper proceeding for redress.

5 42 U.S.C. § 1983.  In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that (1)

6 a person was acting under color of state law at the time the complained of act was committed,

7 and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the

8 Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42 (1988) (citation omitted).

9 It is unlikely that the manufacturer of the drain plate was acting under color of state law at the

10 time the drain plate was made.  Private companies are not state actors.  Plaintiff therefore fails to

11 state a claim under 42 U.S.C. § 1983.  See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th

12 Cir. 1996) (no right to be free from infliction of constitutional deprivations by private

13 individuals).

14  Plaintiff argues he was under the supervision of defendant Washington, and that

15 Washington owed plaintiff a "legal professional duty," and failed to use ordinary care by placing

16 caution signs or cones around the defective drain plate.  However, the Constitution does not

17 guarantee due care on the part of state officials; liability for negligently inflicted harm is beneath

18 the threshold of constitutional due process.  See County of Sacramento v. Lewis, 523 U.S. 833,

19 849 (1998).  Thus, plaintiff fails to state a cognizable civil rights claim against defendant

20 Washington, and plaintiff should not renew his claim against defendant Washington in any

21 second amended complaint.

22  Plaintiff also raises allegations concerning medical care.  In Estelle v. Gamble,

23 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute

24 cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level

25 of "deliberate indifference to serious medical needs."  An official is deliberately indifferent if he

26 both knows of and disregards an excessive risk to an inmate's health.  Farmer v. Brennan, 511

U.S. 825, 837 (1994).  Thus, to demonstrate deliberate indifference, a plaintiff must establish that the alleged harm was "sufficiently serious" and that the official acted with a "sufficiently culpable state of mind."  Id. at 834 (citation omitted).

Thus, a prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 834.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.  Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs.  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) ("If the harm is an 'isolated exception' to the defendant's 'overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference."); McGuckin, 974 F.2d at 1060; O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).  A mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a § 1983 claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff claims to raise a cause of action for "medical indifference."  While plaintiff may have meant to use the phrase "medical deliberate indifference," his allegations are pled in negligence terms.  Negligent medical treatment and medical malpractice do not rise to the level of a constitutional violation.  However, the court will grant plaintiff leave to file a second amended complaint should plaintiff be able to allege facts demonstrating a defendant was deliberately indifferent to plaintiff's serious medical needs.  Plaintiff is cautioned, however, that

he must allege facts demonstrating each defendant acted with a culpable state of mind.

Finally, plaintiff appears to allege defendants violated the Americans with Disabilities Act ("ADA"). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a claim under Title II of the ADA, a plaintiff must allege four elements: (1) that he is an individual with a disability; (2) that he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that he was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

A qualifying "disability" is "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Absent a showing of discriminatory intent, monetary damages are not available under Title II of the ADA. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998). In order to show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood. Id. at 1139. The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of the need for accommodation or the need is obvious or required by statute or regulation. Id. The second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in response to a request for accommodation. Id. at 1139-40. The entity's duty is to undertake a fact-specific investigation to

gather from the disabled individual and qualified experts sufficient information to determine what constitutes a reasonable accommodation, giving "primary consideration" to the requests of the disabled individual. Id. The second prong is not satisfied if the failure to fulfill this duty to accommodate is a result of mere negligence, such as "bureaucratic slippage" or where the entity simply "overlooked" a duty to act. Id.

Here, plaintiff's amended complaint, and the separately-filed causes of action, when liberally construed, fail to state a cognizable claim for relief under Title II of the ADA. Specifically, plaintiff fails to address each element of an ADA claim. Plaintiff does not allege that he was excluded from participating in a medical services program, or that any such exclusion was based on his disability. Plaintiff also fails to allege facts demonstrating deliberate indifference on the part of a public entity in order to show discriminatory intent. At most, plaintiff alleges negligent acts, or a difference of opinion as to what accommodations should be made for plaintiff's disability.

Furthermore, plaintiff cannot bring an ADA claim against individual officers, such as defendants Washington, Palagummi, or Street, because the proper defendant is the public entity responsible for the alleged discrimination. Plaintiff cannot bring a § 1983 action against defendants Washington, Palagummi or Street based on any allegedly discriminatory conduct. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a state official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). Accordingly, plaintiff's ADA claims against defendants are dismissed for failure to state a cognizable claim for relief. Plaintiff should not renew his ADA claims against defendants Washington, Palagummi or Street in any second amended complaint.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain

statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in the second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be set forth.

However, plaintiff is not required to re-submit the exhibits he filed with the court on February 14, 2012. (Dkt. No. 9.) Plaintiff may ask the court to attach the exhibits to any second amended complaint, or may refer to the exhibits directly.

////

Finally, plaintiff requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). "A motion for appointment of counsel under 28 U.S.C. § 1915 is addressed to the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984) (citation omitted).

> A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d).

Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations and internal punctuation omitted); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances"); accord Alvarez v. Jacquez, 415 Fed. Appx. 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Davis v. Yarborough, 2011 WL 5854097, *1 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1)").

In the present case, plaintiff articulated the facts supporting his claims. Based on the procedural posture of this case, the court is unable to determine whether plaintiff is likely to succeed on the merits. The court has provided plaintiff with the legal authority and elements he must meet in order to state a cognizable Eighth Amendment claim based on defendants' alleged deliberate indifference to plaintiff's serious medical needs. The facts concerning plaintiff's

medical treatment are known to plaintiff and should not require additional legal research.

Therefore, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's amended complaint (dkt. no. 8) is dismissed.

4. Plaintiff's February 14, 2012 motion to amend (dkt. no. 9) is partially granted.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the instant order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

6. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action pursuant to 42 U.S.C. § 1983.

////

////

7.  Plaintiff's January 12, 2012 motion for appointment of counsel (dkt. no. 3) is denied without prejudice.

DATED: March 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

swat0102.14

1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT
9            FOR THE EASTERN DISTRICT OF CALIFORNIA
10  MARK SWAGERTY, JR.,
11        Plaintiff,            No. 2:12-cv-0102 KJN P
12    vs.
13  DR. SAMBRAJYA PALAGUMMI,
    et al.,
14                              NOTICE OF AMENDMENT
15        Defendants.
16  _____/
17        Plaintiff hereby submits the following document in compliance with the court's
18  order filed _____:
19        _____    Second Amended Complaint
20  DATED:
21
22                              _____
                                Plaintiff
23
24
25
26